The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



## /S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| JAMES MARK WENGERD & | ) |
| CHERYL SUE WENGERD, | ) CASE NO. 09-62720 |
| | ) |
| Debtors. | ) ADV. NO. 10-6021 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| LISA M. BARBACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES MARK WENGERD, | ) |
| CHERYL SUE WENGERD, | ) |
| ROBIN R. PRATT & | ) |
| WELLS FARGO HOME MORTGAGE, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **(NOT FOR PUBLICATION)** |

On July 12, 2010, chapter 7 trustee Lisa Barbacci ("trustee") filed a motion for summary judgment. This motion is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The parties have stipulated to the relevant facts. On July 3, 2009, debtors James Mark Wengerd and and Cheryl Sue Wengerd ("debtors") filed a chapter 7 bankruptcy petition. At the time of filing, the debtors owned the property known as 14654 Duquette Ave. NE, Hartville, OH 44632 located in Stark County, Ohio. The trustee did not record the debtors' bankruptcy petition with the Stark County Recorder.

On July 7, 2009, four days after the filing of the petition, the debtors transferred their interest in the property to Robin R. Pratt ("Pratt") for the sum of $205,000. The debtors paid off first and second mortgages with the proceeds of the sale in the total amount of approximately $165,000. Presumably, the debtors received the remaining $40,000 in cash.[1] To purchase the property, Pratt executed a note and a mortgage in favor of Mortgage One, which were subsequently transferred to Wells Fargo Home Mortgage ("Wells Fargo"). The record does not indicate whether Pratt or Wells Fargo recorded their interests in the property. On March 4, 2010, the trustee filed a complaint to recover the property for the benefit of the estate pursuant to 11 U.S.C. § 549(a) from Pratt and Wells Fargo.

## LAW AND ANALYSIS

Section 549(a) provides in relevant part that "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case . . . and . . . that is not authorized under this title or by the court." The parties agree that 549(a) applies because the property was belonged to the estate and the transfer was not authorized by the Court.

However, section 549(c) provides a defense to an avoidance action under section 549(a). Section 549(c) provides in relevant part:

> (c) The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser . . . .

---

[1] Whether the debtors may claim these proceeds as exempt is being litigated separately and is not the subject of this opinion.

Thus, section 549(c) applies where (1) the transfer is of real property; (2) the transferee is a good faith purchaser without knowledge of the commencement of the case; (3) the transfer is for present fair equivalent value and (4) the trustee has not filed a copy of the bankruptcy petition with the county recorder.

The trustee concedes that all of the elements of a section 549(c) defense are met except the good faith purchaser requirement. Furthermore, the trustee admits that Pratt acted in subjective good faith. The trustee's only argument is that Pratt cannot be a good faith purchaser because the debtors' bankruptcy petition triggered Ohio's *lis pendens* statute, Ohio Revised Code § 2703.26, which provides:

> When a *complaint* is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

(emphasis added). Pratt argues that the debtors' bankruptcy petition did not trigger Section 2703.26 because a bankruptcy petition is not a complaint under Ohio law.

The Court agrees with Pratt. The form of a complaint under Ohio law is dictated by Rule 8 of the Ohio Rules of Civil Procedure. Ohio Rule 8 is similar to Federal Rule of Bankruptcy Procedure 7008, which applies only to adversary proceedings. Both provide that "[a] pleading . . . shall contain a short and plain statement of the claim showing that the party is entitled to relief . . . ." By contrast, Ohio Rule 8 is not at all similar to Federal Rule of Bankruptcy Procedure 1002, which states that to open a bankruptcy case "[a] petition commencing a case under the Code shall be filed with the clerk." Thus, *lis pendens* is not triggered not by the filing of a bankruptcy petition, but by the filing of an adversary proceeding involving disputed property. In this case, *lis pendens* is not applicable because the transfer of the property occurred before the filing of the adversary proceeding.

The trustee argues that Ohio courts sometimes interpret the word "complaint" broadly when applying *lis pendens*. Specifically, the trustee notes that Ohio courts apply the doctrine of *lis pendens* to divorce petitions. Admittedly, a divorce petition is similar to a bankruptcy petition insofar as it lists the assets and liabilities of the parties. However, the application of *lis pendens* to divorce petitions has a long common law pedigree, see Tollerton v. Willard, 30 Ohio St. 579, 579 (1876), whereas the trustee did not cite a single case that suggested that *lis pendens* applies to the filing of a bankruptcy petition.

Furthermore, applying *lis pendens* to bankruptcy petitions raises policy concerns not present in the divorce context. If *lis pendens* applied upon the filing of a bankruptcy petition, section 549(c) would serve no purpose. Indeed, because every section 549 action is preceded by the filing of a bankruptcy petition, 549(c) would be effectively written out of bankruptcy code. Thus, it is inappropriate to stretch the plain meaning of the word "complaint" to include bankruptcy petitions.

This decision raises troubling possibilities, but troubling possibilities arise from either

interpretation. The nature of the conduct impels the conclusion of a negative result to a party who probably did not behave in a socially deleterious manner. The person who did behave in such a manner is not the party to whom risk would be allocated by either interpretation. The obvious interpretation cannot be avoided is such circumstances.

Accordingly, the trustee's motion for summary judgment is denied.

An order will accompany this opinion.

# # #

Service List:

Lisa M Barbacci
P.O. Box 1299
Medina, OH 44258-1299

James Mark Wengerd
518 N. Main Street
Hesston, KS 67062

Cheryl Sue Wengerd
518 N Main St
Hesston, KS 67062

Robin R. Pratt
14654 Duquette Avenue NE
Hartville, OH 44632

Wells Fargo Home Mortgage
Attn: Officer
6155 Rockside Road, Suite 115
Cleveland, OH 44131

Michael J Moran
Gibson & Lowry
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Michael V. Demczyk
12370 Cleveland Ave NW
PO Box 867
Uniontown, OH 44685

Amelia A Bower
Plunkett & Cooney
300 E Broad St
#590
Columbus, OH 43215